**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|   |   |
|---|---|
| JUM SOON LIM,<br><br>        Petitioner,<br><br>    vs.<br><br>GLENN TRIVELINE,<br>Acting Field Office Director,<br>U.S. Immigration and Customs<br>Enforcement; TOM PUIDOKAS,<br>Detention Center Administrator,<br>Kenosha County Detention Center;<br>JULIE L. MYERS, Assistant Secretary,<br>U.S. Immigration and Customs<br>Enforcement; THOMAS S. WINKOWSKI,<br>Assistant Commissioner, U.S. Customs and<br>Border Protection; MICHAEL CHERTOFF,<br>Secretary, U.S. Department of Homeland<br>Security; MICHAEL MUKASEY,<br>Attorney General of the United States,<br>U.S. Department of Justice;<br><br>       Respondents. | Immigration Case No. 094 947 587<br><br><br>CIVIL CASE NO. _____<br><br>FILED: AUG 26, 2008<br>08CV4863<br>JUDGE CONLON<br>MAGISTRATE JUDGE BROWN<br>RCC |

**PETITION FOR A WRIT OF HABEAS CORPUS**
**AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Petitioner JUM SOON LIM, through the undersigned attorney, hereby

respectfully requests this Honorable Court to issue a writ of habeas corpus to remedy and

set aside an unlawful expedited removal order under section 235 of the Immigration and

Nationality Act, 8 U.S.C. § 1225, entered against her at a U.S. port-of-entry on or about

September 18, 2006.  Ms. Lim further moves this Court to enjoin the Respondents from

deporting her to her home country pursuant to said order.  She remains detained in the

physical custody of the Respondents in accordance with the statutes and regulations concomitant with the expedited order of removal.  In support of this petition and complaint for declaratory and injunctive relief, Ms. Lim alleges as follows:

## CUSTODY

1.     Ms. Lim is now and has been continously detained in the physical custody of the Field Office Director of the Department of Homeland Security, U.S. Immigration and Customs Enforcement (hereinafter ICE or Department agency).  Pursuant to contractual agreement, the Kenosha County Detention Center (KCDC) in Kenosha County, Wisconsin, houses detainees of the Department agency such as Ms. Lim.

## JURISDICTION AND VENUE

2.     This action arises under the U.S. Constitution, the Immigration and Nationality Act (INA or the Act), 8 U.S.C. § 1101 et seq., and the Administrative Procedures Act (APA), 5 U.S.C. § 701 et seq.  This Court is properly vested with jurisdiction under 28 U.S.C. § 2241(c)(1) and (3), Art. I, Sec. 9, Cl. 2 of the U.S. Constitution (Suspension Clause), and 28 U.S.C. § 1331 as Ms. Lim is presently in custody under the color of authority of the United States, and such custody is in violation of the Constitution, laws or treaties of the United States.  This Court may grant relief pursuant to 28 U.S.C. § 2241, the APA, the Declaratory Judgement Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

3.     The Federal Court's subject matter jurisdiction over expedited removal orders pursuant to section 235 of the Act, 8 U.S.C. § 1225, is circumscribed at section

242(e)(2) of the Act, 8 U.S.C. § 1252(e)(2).  That section provides in relevant

part:

> Judicial review of any determination made under section
> 1225(b)(1) [expedited removal] of this title is available in habeas
> corpus proceedings, but shall be limited to determinations of
>
> > (A) whether the petitioner is an alien,
> >
> > (B) whether the petitioner was ordered removed under
> >     such section, and
> >
> > (C) whether the petitioner can prove by a
> >     preponderance of the evidence that the petitioner is
> >     an alien lawfully admitted for permanent residence,
> >     has been admitted as a refugee under secion 1157 of
> >     this title, or has been granted asylum under section
> >     1158 of this title, such status not having been
> >     terminated, and is entitled to such further inquiry as
> >     prescribed by the Attorney General pursuant to
> >     section 1225(b)(1)(C) of this title.

*See also* American-Arab Anti-Discrimination Comm. v. Ashcroft, 272

F.Supp.2d 650 (E.D. Mich. 2003) (habeas jurisdiction exists to determine

whether expedited removal statute was lawfully applied against petitioners

who have resided in the United States for several years after having been

paroled at the port-of-entry by DHS).

4.    Venue lies in the U.S. District Court for the Northern District of Illinois, the

district in which the ICE Field Office Director resides.  28 U.S.C. § 1391(e).

## **PARTIES**

5.    Petitioner JUM SOON LIM is a national and native of South Korea.  On

information and belief, custody of Ms. Lim's person transferred from the Illinois

Department of Corrections to the ICE Field Office Director on or about July 24,

2008.  She remains in the custody and civil detention of the Respondents.

6.      Respondent GLENN TRIVELINE is the ICE Acting Field Office Director.  He is

responsible for the administration of ICE and the implementation and

enforcement of the INA in Illinois, Indiana, Kansas, Kentucky, Missouri and

Wisconsin.  Respondent Triveline is the custodian of Ms. Lim.  Kholyavskiy v.

Achim, 443 F.3d 946 (7th Cir. 2006) (the ICE Field Office Director is a proper

respondent).

7.      Respondent TOM PUIDOKAS is the Detention Center Administrator for the

Kenosha County Detention Center.  Respondent Puidokas is Ms. Lim's immediate

custodian.  Kholyavskiy, *supra* (the warden of the state and local facility is a

contract agent used by legacy INS to act pursuant to agency detention standards

and exercises control at the direction of legacy INS).

8.      Respondent JULIE L. MYERS is the ICE Assistant Secretary.  She is responsible

for the administration of ICE and the implementation and enforcement of the

INA.

9.      Respondent THOMAS S. WINKOWSKI is the Assistant Commissioner for the

Department of Homeland Security, U.S. Customs and Border Protection (CBP).

He is responsible for the administration of CBP and the implementation and

enforcement of the INA.

10.     Respondent MICHAEL CHERTOFF is the Secretary of the Department of

Homeland Security (DHS).  He is responsible for the administration of DHS and

the implementation and enforcement of the INA.

4

11.   Respondent MICHAEL MUKASEY is the Attorney General of the United States

for the Department of Justice (DOJ).  He is responsible for the administration of

DOJ and the interpretation and administration of the INA.

**EXHAUSTION OF REMEDIES**

12.   Ms. Lim has exhausted her administrative remedies to the extent required by law,

and her only remedy is by way of this judicial action.

13.   On August 19, 2008, Ms. Lim motioned the Immigration Judge sitting in Chicago,

Illinois for administrative review over the Department agency's determination to

detain her without bond or supervised release.  Exhibit 2.  A hearing on Ms. Lim's

motion is set for August 27, 2008 at 9:00 AM before the detained docket of the

Chicago Immigration Court.  Exhibit 3.

14.   On August 20, 2008, an officer of the Department agency faxed to Ms. Lim's

counsel Form I-860 Notice and Order of Expedited Removal apprising counsel

that she had been ordered removed at a U.S. port-of-entry on or about September

18, 2006 pursuant to the expedited removal procedures under section 235(b)(1) of

the Act, 8 U.S.C. § 1225(b)(1).  Exhibit 1.

15.   The expedited removal statute at INA § 235(b)(1)(A) et seq., 8 U.S.C. §

1225(b)(1)(A) et seq., provides that an applicant for admission into the United

States shall be removed without further hearing or review before an Immigration

Judge upon the agency's determination that the applicant is inadmissible into the

United States under INA § 212(a)(6)(C), 8 U.S.C. § 1182(a)(6)(C) (fraud or

willful misrepresentation of fact), or INA § 212(a)(7), 8 U.S.C. § 1182(a)(7)

(failure to possess a proper, valid and unexpired entry document).  An expedited

removal order is not subject to administrative appeal.  INA § 235(b)(1)(C), 8

U.S.C. § 1225(b)(1)(C).

16.    Inasmuch as Ms. Lim was order removed pursuant to expedited removal, and as

she has not expressed nor presently possesses a fear of return to South Korea, no

other avenue for administrative review is available as of right.  *See* INA §§

235(b)(1)(A) and (B), 8 U.S.C. §§ 1225(b)(1)(A) and (B) (an applicant for

admission with a credible fear of persecution if returned to their home country

shall be referred to an Immigration Judge for further consideration on an

application for asylum).

17.    On information and belief, the Respondents continue to detain Ms. Lim as an

"arriving alien" as defined by regulation at 8 C.F.R. §§1.1(q), 1001.1(q).  The

Immigration Judge is not vested with jurisdiction to entertain an arriving alien's

bond request.  Matter of Oseiwusu, 22 I&N Dec. 19 (BIA 1999).

## CLAIM FOR RELIEF

18.    The Respondents have ordered Ms. Lim removed at the port-of-entry under

expedited removal yet she remains physically present in the interior of the United

States.  While documents and records are presently unavailable to counsel, the

Petitioner reasonably believes that she was paroled into the United States

following inspection at the port-of-entry pursuant to section 212(d)(5) of the Act,

8 U.S.C. § 1182(d)(5), notwithstanding the order of expedited removal.

19.    Expedited removal – in connection with the parole entry into the United States –

was unlawfully applied against Ms. Lim.  American-Arab Anti-Discrimination

Comm. v. Ashcroft, *supra* (expedited removal was unlawfully applied to the

petitioners when applicants for admission were paroled into the United States).

20.    The Respondents' application of expedited removal against the Petitioner

deprives her of due process of law as guaranteed by the U.S. Constitution.  Yick

Wo v. Hopkins, 118 U.S. 356 (1886) (excludable aliens are entitled to due process

protections); *see also* Clark v. Martinez, 543 U.S. 371 (2005) (as a matter of

statutory construction, a legal presumption that an alien detainee cannot be

removed, following a six month period from the date of an administratively final

removal order, cannot be withheld against an inadmissible or excludable alien).

## PRAYER FOR RELIEF

WHEREFORE, the Petitioner Jum Soon Lim prays that this Honorable Court

grant the following relief:

1.    Issue an order granting a preliminary injunction against the Respondents from

deporting her to South Korea while her petition for a writ of habeas corpus

remains pending at bar and unadjudicated;

2.    Declare that this Court is vested with subject matter jurisdiction to entertain Ms.

Lim's petition for judicial review of the Respondent's expedited removal order;

3.    Declare that the execution and enforcement of the September 18, 2006 expedited

removal order under INA § 235(b)(1), 8 U.S.C. § 1225(b)(1), against the

Petitioner, in light of the decision of the DHS to parole her into the interior of the

United States, is an unlawful application of the expedited removal statute which

violates Ms. Lim's legal rights including her fundamental right to due process;

4.      Set aside the expedited removal order without prejudice to the Respondents to

institute removal proceedings before an Immigration Judge pursuant to section

240 of the Act, 8 U.S.C. § 1229a; and

5.      Grant any other and further relief which this Court deems proper and just.

Respectfully submitted,

s/ David Cook

_____          Date:   August 22, 2008

David Cook
Attorney for Jum Soon Lim

s/ Kenneth Y. Geman

_____          Date:   August 22, 2008

Kenneth Y. Geman
Attorney for Jum Soon Lim

Kenneth Y. Geman and Associates
33 N. LaSalle Street, Ste. 2300
Chicago, Illinois 60602
(312) 263-6114 phone
(312) 263-0104 fax

## <u>CERTIFICATE OF SERVICE</u>

I, David Cook, hereby certify that the above <u>Petition for a Writ of Habeas Corpus and Complaint for Declaratory Judgement and Injunctive Relief</u> was served upon the following parties via first class mail, postage prepaid, certified return receipt requested on August 21, 2008.

Tom Puidokas, Detention Center Administrator
Kenosha County Detention Center
4777 88th Avenue
Kenosha, WI 53144

Glenn Triveline, Acting Field Office Director
Immigration and Customs Enforcement
101 Congress Parkway, 4th Floor
Chicago, IL 60605

Julie L. Myers, Assistant Secretary
Attn: Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
425 I Street NW, Room 6100
Washington, D.C., 20536

Thomas S. Winkowski, Assistant Commissioner
Attn: Office of the Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, N.W.
Washington, DC 20229

Michael Chertoff, Director
U.S. Department of Homeland Security
Washington, D.C., 20528
Attention: Office of the General Counsel

Michael Mukasey, Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C., 20530-0001

Patrick Fitzgerald, U.S. Attorney for the Northern District of Illinois
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604

s/ David Cook

_____
David Cook

9

## TABLE OF CONTENTS

Exhibit 1:    Form I-860 Notice and Order of Expedited Removal under section 235(b)(1) of the Act, 8 U.S.C. § 1225(b)(1).

Exhibit 2:    Petitioner's August 19, 2008 Motion for a Bond Hearing before the detained Immigration Court.

Exhibit 3:    Notice of Hearing scheduling a bond hearing before the Immigration Judge for August 27, 2008 at 9:00 AM.

# EXHIBIT 1



*Office of Detention and Removal Operations*

**U.S. Department of Homeland Security**
101 West Congress Parkway
Chicago, Illinois 60605

**U.S. Immigration
and Customs
Enforcement**

# Facsimile Transmission

**TO:**            **David Cook, Geman & Associates**

**FAX Number:**    **312-263-0104**

**FROM:**          **C. Krznarie, DO**

**FAX Number:**

**DATE:**          **20 August 2008**

**NUMBER OF PAGES, INCLUDING COVER PAGE:**    **2**

**Copy of Determination of Inadmissability & Order of Removal in re:
Jum Soon LIN (A94 947 587)**

of Justice

J Naturalization Service

# Notice and Order of Expedited Removal

## DETERMINATION OF INADMISSIBILITY

File No: A094 947 587

Date: September 18, 2006

In the Matter of: JUN S. LIM

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Immigration and Naturalization Service has determined that you are inadmissible to the United States under section(s) 212(a) ☒ (6)(C)(i); ☐ (6)(C)(ii); ☒ (7)(A)(i)(I); ☐ (7)(A)(i)(II); ☐ (7)(B)(i)(I); and/or ☐ (7)(B)(i)(II) of the Act, as amended, and therefore are subject to removal, in that:

1) On or about September 17, 2006, you applied for admission into the United States.
2) You verbally declared yourself to be a Lawful Permanent Resident of the United States.
3) You are a citizen and national of Korea.
4) You have no legal right to either enter, pass through, or remain in the United States.
5) You willfully misrepresented your true identity and are not in possession of a valid entry document as is required by the Act.

M HUIZAR
CBP OFFICER

_____
Name and title of immigration officer (Print)

_____
Signature of immigration officer

## ORDER OF REMOVAL
## UNDER SECTION 235(b)(1) OF THE ACT

Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

S. GLEVERY A. MURGA
SUPERVISORY CBP OFFICER

_____
Name and title of immigration officer (Print)

_____
Signature of immigration officer

O. CHAMBERS
CBP CHIEF

_____
Name and title of supervisor (Print)

_____
Signature of supervisor, if available

☐ Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty).

## CERTIFICATE OF SERVICE

I personally served the original of this notice upon the above-named person on 09/18/06
(Date)

_____
Signature of immigration officer

Form I-860 (Rev. 4-1-97)

# EXHIBIT 2

**U.S. Department of Justice**
Executive Office for Immigration Review
*Immigration Court*

**Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court**

I hereby enter my appearance as attorney or representative for, and at the request of, the following named person(s):

DATE (mm/dd/yy): _____

ALIEN NUMBER(S) (List lead alien number and all family member alien numbers and names, if applicable. Continue on next page as needed.)

**A94-947-587**

NAME: <u>Jum</u>         <u>Soon</u>         <u>LIM</u>
              (First)         (Middle Initial)         (Last)

ADDRESS: <u>Ill. Dept. of Corrections, R81002, 1098 1350t</u>
                  (Number & Street)                    (Apt. No.)

<u>Lincoln</u>         <u>Illinois</u>         <u>62656</u>
     (City)              (State)              (Zip Code)

Please check one of the following:

☒ **1.**     I am a member in good standing of the bar of the highest court(s) of the following state(s), possession(s), territory(ies), commonwealth(s), or District of Columbia:

| Full Name of Court | State Bar No. (if applicable) |
|---|---|
| Illinois Supreme Court | 6277286 |

(Please use space on the reverse side to list additional jurisdictions.)

I ☒ am not (or ☐ am - explain fully on reverse side) subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise all of the jurisdictions (other than federal courts) where I am licensed to practice law.

☐ **2.**     I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review pursuant to 8 C.F.R. § 1292.2 (provide name of organization):

☐ **3.**     I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C.F.R. § 1292.1 (explain fully on reverse side.)

*I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Immigration Court. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

SIGNATURE OF ATTORNEY OR REPRESENTATIVE

X _____

EOIR ID#
**6277286**

DATE (mm/dd/yy)
AUG 1 6 ...

NAME OF ATTORNEY OR REPRESENTATIVE (type or print)
**David M. Cook**
**Kenneth Y. Geman and Associates**

ADDRESS          ☐ Check here if new address
**33 N. LaSalle Street**
**Chicago**          **IL**     **60602**

PHONE NUMBER (with area code)
**(312) 263-6114**

FAX NUMBER (with area code)
**(312) 263-0104**

Form EOIR-28
Rev. Oct. 2006

David Cook
Kenneth Y. Geman and Associates
33 North LaSalle Street, Suite 2300
Chicago, Illinois 60602
(312) 263-6114 phone
(312) 263-0104 fax

**DETAINED**

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT

In the Matter of:

Jun Soon LIM,

    Respondent.

File No. A 94 947 587

US DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
2008 AUG 19  PM 3: 31
CHICAGO ILLINOIS

## RESPONDENT'S MOTION FOR A BOND HEARING

## RESPONDENT'S MOTION FOR A BOND HEARING

The respondent Jum Soon LIM, through counsel, hereby requests this Honorable Court to redetermine the decision of the Department of Homeland, U.S. Immigration and Customs Enforcement (ICE or the Department agency) to continuously detain her in person and without bond or supervised release. This motion is submitted pursuant to *Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999), which provides the IJ with jurisdiction over the jurisdictional question of whether or not he may entertain a bond motion or a bond redetermination request. Additionally, it is well to note that the regulations provide that the jurisdiction of the Immigration Judge (IJ) may properly vest over the movant's bond motion notwithstanding the fact that removal proceedings under section 240 of the Immigration and Nationality Act have yet to commence. 8 C.F.R. § 1003.14(a).

Documents attached hereto demonstrate that counsel for Ms. Lim has exercised a due diligence in attempt to ascertain the legal basis in which the Department agency purports to detain her within their custody. On information and belief, Ms. Lim completed her sentence term of incarceration on or about July 24, 2008. Thereafter, pursuant to a previously lodged detainer, Ms. Lim was released into ICE custody. Prior to this event, Mr. Cook faxed to the Department agency his Form G-28 attorney appearance form and that of Mr. Kenneth Geman, Esq., the principle of Kenneth Y. Geman and Associates. Exhibit 1 demonstrates a fax receipt by ICE at (312) 263-4518 on June 21, 2008. Thereafter, Mr. Cook made repeated phone calls to ICE requesting duplicate copies of any charging documents or custody papers served onto the respondent. Insofar, he received a return phone call on only one occasion by ICE Officer Kryznaric apprising him of the fact that she was not assigned Ms. Lim's case. The

2

telephone number of another ICE officer was given to counsel in which counsel had

thereafter left messages repeatedly at that contact number.  In addition, Mr. Cook has left

phone messages with other ICE supervisors, of which he received no response or return

phone call.

    Presently, counsel is without any information with respect to the legal basis in

which Ms. Lim remains in the custody of the Department agency.  Furthermore, counsel

suspects that ICE has failed to serve Ms. Lim with a Form I-286 custody determination

record within 48 hours of her arrest and detention as proscribed by the government's own

regulations.  8 C.F.R. § 1003.14(a).

    For the foregoing reasons, the respondent respectfully requests the Immigration

Judge to schedule a bond hearing to determine whether or not the Department agency's

detention comports with a statutory ground in which Ms. Lim is precluded from bond

eligibility, e.g. pursuant to section 235, 236(c) or 241 of the Immigration and Nationality

Act.  *Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999).

Respectfully submitted,


Date:   August 18, 2008

David Cook
Attorney for Jum Soon Lim

## Certificate of Service

I, David M. Cook, hereby certify that the foregoing was served by me upon the following party by hand delivery.

USICE Office of the Chief Counsel
55 East Monroe Street
Suite 1700
Chicago, IL 60603


David Cook

Date:   August 18, 2008

2008 AUG 19 PH 3: 31
U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

4

```
┌─────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT   │
└─────────────────────────────────────┘

                              TIME  : 07/21/2008 11:02
                              NAME  : KENNETH Y GEMAN
                              FAX   : 3122630104
                              TEL   :


   DATE,TIME              07/21  11:01
   FAX NO./NAME           13123564518
   DURATION              00:00:46
   PAGE(S)               02
   RESULT               OK
   MODE                 STANDARD
                        ECM
```

U.S. Immigration & Customs Enforcement

Attn:    ICE Officer for Jum Soon LIM, A 94 947 587
         Detained Non-Mexican National

Re:      **Jum Soon LIM, A 94 947 587**
         **Detained**
         **National of South Korea**

Dear ICE Officer,

Enclosed herein please find my attorney appearance form no. G-28. On information and belief, USICE has lodged an immigration detainer to transfer custody of Ms. Lim into ICE detention on July 24, 2008. She is currently serving her criminal sentence of incarceration at the Top Lincoln Correctional Center at 1098 1350th Street, Lincoln, Illinois. I believe she will be transferred to the DuPage detention facility.

In the event that USICE issues either an I-864 Notice to Appear or any document initiating removal proceedings under section 238 summary removal or 240 removal before an Immigration Judge, her attorneys at Kenneth Y. Geman and Associates respectfully request a duplicate copy to be sent or faxed to them at the address and fax number located in the letterhead above.

If you have any questions, please do not hesitate to contact me. Thank you.

Sincerely,

Dave Cook

Encl.

LAW OFFICES OF

# KENNETH Y. GEMAN & ASSOCIATES

33 NORTH LASALLE STREET · SUITE 2300
CHICAGO, ILLINOIS 60602
PHONE (312) 263-6114  FAX (312) 263-0104
WWW.GEMANIMMIGRATIONLAW.COM · INFO@GEMANIMMIGRATIONLAW.COM

KENNETH Y. GEMAN
DAVID M. COOK

OF COUNSEL
ROYAL F. BERG
RONALD H. NG

## VIA FAX: (312) 356-4518

July 21, 2008

U.S. Immigration & Customs Enforcement
Attn:   ICE Officer for Jum Soon LIM, A 94 947 587
        Detained Non-Mexican National

**Re:    Jum Soon LIM, A 94 947 587**
        **Detained**
        **National of South Korea**

Dear ICE Officer,

Enclosed herein please find my attorney appearance form no. G-28.  On information and belief, USICE has lodged an immigration detainer to transfer custody of Ms. Lim into ICE detention on July 24, 2008.  She is currently serving her criminal sentence of incarceration at the Top Lincoln Correctional Center at 1098 1350th Street, Lincoln, Illinois.  I believe she will be transferred to the DuPage detention facility.

In the event that USICE issues either an I-864 Notice to Appear or any document initiating removal proceedings under section 238 summary removal or 240 removal before an Immigration Judge, her attorneys at Kenneth Y. Geman and Associates respectfully request a duplicate copy to be sent or faxed to them at the address and fax number located in the letterhead above.

If you have any questions, please do not hesitate to contact me.  Thank you.

Sincerely,

Dave Cook
Encl.

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Entry of Appearance
as Attorney or Representative**

Appearances - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. Availability of Records - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103 10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan, however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103 10.

| In re: Jum Soon LIM | Date: |
| | File No. A 94 947 587 |

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

| Name: Jum Soon LIM | ☐ Petitioner ☐ Beneficiary | ☑ Applicant |
| Address (Apt. No.)  (Number & Street)  4030 Carousel Drive | (City) Northbrook | (State) IL | (Zip Code) 60062 |

| Name: | ☐ Petitioner ☐ Beneficiary | ☐ Applicant |
| Address: (Apt. No.)  (Number & Street) | (City) | (State) | (Zip Code) |

*Check Applicable Item(s) below:*

☑ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

Illinois _____ Supreme Court _____    and am not under a court or administrative agency
Name of Court
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☑ 3. I am associated with Kenneth Y. Geman and Associates
the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. (If you check this item, also check item 1 or 2 whichever is appropriate.)

☐ 4. Others (Explain Fully.)

| SIGNATURE | COMPLETE ADDRESS  Kenneth Y. Geman & Associates  11 N. LaSalle St., Ste. 2300, Chicago IL |
| NAME (Type or Print)  David Cook | TELEPHONE NUMBER  (312) 263-6114 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*

David Cook

(Name of Attorney or Representative)

*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*

| Name of Person Consenting  Jum Soon LIM | Signature of Person Consenting  Jum Soon Lim | Date  7/18/08 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 &t.SEQ

Form G-28 (09/26/00)Y

TRANSMISSION VERIFICATION REPORT

```
                                    TIME : 08/04/2008 11:46
                                    NAME : KENNETH Y GEMAN
                                    FAX  : 3122630104
                                    TEL  :
```

```
DATE,TIME          08/04  11:46
FAX NO./NAME        13123564518
DURATION           00:00:22
PAGE(S)            01
RESULT             OK
MODE               STANDARD
                   ECM
```

U.S. Immigration & Customs Enforcement
Detention and Removal Operations
101 West Congress Parkway
4th Floor
Chicago, Illinois 60605

Re:  **Jum Soon LIM, A 94 947 587**
     **Detained Docket**
     **South Korean National**

Dear ICE Detained Officer,

On information and belief, Ms. Lim was released into ICE custody on July 24, 2008 pursuant to an immigration detainer. The alien detainee respectfully requests legal proceedings to commence as soon as possible (whether they be in the form of removal proceedings before an Immigration Judge or administrative summary removal proceedings through Immigration & Customs Enforcement). Furthermore, inasmuch as the regulations require that a bond determination be made within 48 hours of the arrest and custody, Ms. Lim respectfully requests a bond determination record to be issued against her. Thank you.

Should USICE perfect either or both a charging document or a bond determination document against her, the undersigned attorney respectfully requests a duplicate copy to be forwarded to him at either the address or the fax number listed in the above. Thank you.

Sincerely,

Dave Cook

LAW OFFICES OF
# KENNETH Y. GEMAN & ASSOCIATES
33 NORTH LaSALLE STREET · SUITE 2300
CHICAGO, ILLINOIS 60602
PHONE (312) 263-6114   FAX (312) 263-0104
WWW.GEMANIMMIGRATIONLAW.COM · INFO@GEMANIMMIGRATIONLAW.COM

KENNETH Y. GEMAN
DAVID M. COOK

OF COUNSEL
ROYAL F. BERG
RONALD H. NG

August 4, 2008

### VIA FAX AND REGULAR MAIL: (312) 356-4518

U.S. Immigration & Customs Enforcement
Detention and Removal Operations
101 West Congress Parkway
4th Floor
Chicago, Illinois 60605

Re:   **Jum Soon LIM, A 94 947 587**
      **Detained Docket**
      **South Korean National**

Dear ICE Detained Officer,

On information and belief, Ms. Lim was released into ICE custody on July 24, 2008 pursuant to an immigration detainer. The alien detainee respectfully requests legal proceedings to commence as soon as possible (whether they be in the form of removal proceedings before an Immigration Judge or administrative summary removal proceedings through Immigration & Customs Enforcement). Furthermore, inasmuch as the regulations require that a bond determination be made within 48 hours of the arrest and custody, Ms. Lim respectfully requests a bond determination record to be issued against her. Thank you.

Should USICE perfect either or both a charging document or a bond determination document against her, the undersigned attorney respectfully requests a duplicate copy to be forwarded to him at either the address or the fax number listed in the above. Thank you.

Sincerely,

Dave Cook

# EXHIBIT 3

NOTICE OF HEARING
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL  60603

DATE:  Aug 19, 2008

TO:  KENNETH GEMAN & ASSOC
     DAVID M. COOK
     33 NORTH LA SALLE ST., #2300
     CHICAGO, IL 60602

RE:  LIM, JUN SOON

FILE:  094-947-587

     Please take notice that the above captioned case has been scheduled for a
hearing before the Immigration Judge on Aug 27, 2008 at 09:00 A.M..  The alien will be
present via video conferencing.  All other parties should report to the
Immigration Court located at:
                    CHICAGO DETAINED
                    536 S. CLARK ST, RM B1330/1320
                    CHICAGO, IL  60605

     Since you are the attorney/representative of record, it is expected that
you will appear at the scheduled hearing.  Anyone wishing to attend the hearing
is subject to Correction Department policies and procedures regarding entry.
The court will assist in obtaining the necessary clearance if requested in
writing at least a week in advance of the hearing.  All correspondence,motions,
requests or inquiries concerning this matter should be directed to the address
at the top of this page.
     Your client's failure to appear at this hearing, other than for
exceptional circumstances beyond his/her control may result in an order of
removal being entered in his/her absence under Section 240(b)(5) of the
Immigration and Nationality Act.
     IF YOUR CLIENT IS RELEASED FROM CUSTODY, within five days of such release
you or your client must provide to this Court a written notice (or completed
form EOIR-33) of the address and telephone number at which your client can be
contacted.  Correspondence from the court, including hearing notices, will be
sent to you as long as you remain the attorney of record, and will be
considered sufficient notice for the proceedings to go forward in your client's
absence.  It is NOT NECESSARY to provide address change information as long as
your client remains in Corrections' custody.
     For information regarding the status of this case, call toll free
800-898-7180.

CERTIFICATE OF SERVICE
This document was served by:  Mail (M)  Personal Service  (P)  Fax  (F)
to:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's Atty/Rep  [M] DHS
DATE:  8/19/08                 BY:  Court Staff
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other_____

                                                                              D1