UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUM SOON LIM, | ) |
| | ) |
| Petitioner, | )   08 C 4863 |
| v. | ) |
| | ) |
| | )   Judge Conlon |
| GLENN TRIVELINE, Acting Field Office | ) |
| Director, U.S. Immigration and Customs | ) |
| Enforcement, et al. | ) |
| | ) |
| Respondents. | ) |

**RESPONDENT'S RESPONSE IN OPPOSITION TO THE MOTION
FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

On August 26, 2008 petitioner Lim filed a motion for a temporary restraining order (TRO) seeking the district's court's intervention in her immigration case, and requesting that this court "temporarily enjoin the respondents from effectuating an administratively final expedited order of removal or deportation entered against her on September 18, 2006 while her underlying petition for habeas corpus is pending and unadjudicated before this Court." Motion at 1. Lim is currently detained in the custody of the Kenosha County Detention Center under the custodial authority of Tom Puidokas, who is the warden or facility administrator of that center. The respondents oppose this motion as well as the underlying habeas petition based upon lack of personal jurisdiction, as petitioner Lim is properly in the custody of the Kenosha County Detention Center, Kenosha, Wisconsin, as a criminal alien who has no lawful status in the United States. Pursuant to Seventh Circuit precedent, the underlying petition for habeas corpus has been improperly filed in the Northern District of Illinois, and the wrong respondents have been named. *Kholyavskiy v. Achim,* 443 F.3d 946 (7th Cir. 2006). Lim challenges this detention and the expedited removal order overall

in her Petition for Writ Of Habeas Corpus, which counsel has filed concurrently with the motion for injunctive relief. Motion p. 2. Immigration and Customs Enforcement (ICE) has notified undersigned counsel that it does not intend to remove petitioner Lim from the country until the underlying habeas petition has been resolved. Undersigned counsel has communicated this to counsel for petitioner, therefore the need for temporary injunctive relief is not imminent, nor is it appropriate in light of the initial jurisdictional issues in the underlying habeas petition.

**Introduction**

Lim is a native and citizen of Korea, who has no lawful status in the United States. On September 18, 2008, she was apprehended at the border of the United States and Mexico, while attempting to enter as a lawful permanent resident. Govt. Ex. 1 (Form I-213, Record of Deportable Alien). Based upon her lack of status and the fact that she was an arriving alien at the border, Immigration and Customs Enforcement (ICE) agents in San Diego placed her in expedited removal proceedings (ER), and took her into custody. Govt. Ex. 2. Upon interview of Lim as well as routine record checks, the ICE agents determined that Lim was in fact facing pending criminal charges in Cook County, Illinois, and on September 27, 2006, a judge in Cook County Illinois issued a warrant for her arrest for her failure to appear for the criminal hearing. Govt. Ex.3 . She was transferred back to Cook County on or about October 11, 2006, Govt. Ex. 4, and then transferred into the custody of the Illinois Department of Corrections on or about October 23, 2006 to serve her criminal sentence. Govt. Ex.5. As soon as her sentence was completed, petitioner Lim was returned to the custody of ICE, where efforts to proceed with her removal continued. Govt. Ex.6.

**Argument**

I.  **Standard Of Review**

In determining whether injunctive relief should be granted, the court considers: (1) the likelihood of irreparable harm to the movant if the relief is denied; (2) the likelihood of harm to the non-moving party if the relief is granted; (3) the likelihood that the movant will prevail on the merits; and (4) the public interest.  *See Lucacela v. INS,* 161 F.3d 1055 (7th Cir. 1998).  In Lim's case, she is a criminal alien who seeks to prevent ICE from executing the expedited removal order while she challenges that order in habeas proceedings.  Given that petitioner has already filed a petition for a writ of habeas corpus challenging that order, her request for a temporary restraining order or injunctive relief asking for the same relief is unnecessary and not justified by the law or the specific facts of this case.

The immigration statute sets forth the limitations for jurisdiction over expedited removal orders at 8 U.S.C. §1225(b)(1), which clearly states that habeas corpus review is limited to determine whether (1) the petitioner is an alien; (2) petitioner was ordered removed under such section; and (3) petitioner is a lawful permanent resident or was granted refugee or asylum status.  The court is precluded from reviewing whether the person is actually inadmissible or entitled to any relief from removal.  *Brumme v. INS,* 275 F.3d 443 (5th Cir. 2001); *cf. American-Arab Anti-Discrimination Comm. v. Ashcroft,* 272 F. Supp.2d 650 E.D. Mich. 2003)(habeas jurisdiction exists to determine whether expedited removal statute was lawfully applied to the petition and where person was paroled into the U.S., it was inappropriate to utilize expedited removal).

**A. The Likelihood of Irreparable Harm to Lim If The Relief is Denied.**

Petitioner Lim does not state what, if any irreparable harm will occur to her if the relief requested is denied. She restates her arguments regarding the expedited removal order which are set forth in her habeas petition. However, once filed in the proper district and naming the proper respondents, petitioner Lim may seek the limited habeas review provided for by statute. 8 U.S.C. §1225(b)(1)

**B.　　There is a Likelihood of Irreparable Harm to the Government and It Is Clearly Not in the Public's Interest to Grant the Requested Injunctive Relief.**

The government has identified that petitioner Lim is an alien who is properly subject to the expedited removal process based upon her lack of status in the United States. *See* Govt. Ex.1 and 2. Based upon the governmental interest in identifying and removing those aliens who have no legal basis to enter or reside in the United States, irreparable harm to immediately order the government not to enforce the order, without the completion of the limited habeas review is unfounded. The government has followed the proper procedures in placing Lim in expedited removal proceedings and under the statute she may be entitled to limited review but it must be filed in the proper forum. *See Kholyavskiy,* at 951*, citing al-Marri v. Rumsfeld,* 360 F.3d 707, 709-10: "[w]e interpreted 28 U.S.C. §2241, which gives district courts the power to grant writs of habeas corpus "within their jurisdictions," to mean that the only proper venue for habeas proceedings is the federal district in which the petitioner is detained."

It is in the interest of the government and the public in general that the removal proceed as quickly as possible as well. Recent amendments to the Immigration and Nationality Act (INA) reflect a strong public interest in removing illegal aliens as expeditiously as possible from the United States. Sen. Jud. Comm. Rep., No. 104-249 at 7, (reproduced at 1996 WL 180026 at 15), 104th

4

Cong, 2d Sess. (1996)("Aliens who violate U.S. immigration law should be removed from this country as soon as possible. Exceptions should be provided only in extraordinary cases specified in the statute and approved by the Attorney General.").

    **C.**　　**It Is Unlikely that Petitioner Lim Will Prevail on the Merits.**

Petitioner Lim has filed a habeas petition concurrently with this motion and it is the habeas claim that will direct the merits of this case. However, it is well settled that when a habeas corpus petition is filed challenging the petitioner's current physical confinement, the proper respondent to that action is the warden or official overseeing the petitioner's custody that "has the immediate physical custody of the party detained, with the power to produce the body of such party . . ." *Rumsfeld v. Padilla,* 124 S.Ct. 2711, 2717 (2004)(quoting *Wales v. Whitney,* 114 U.S. 564, 574 (1985)). This rule is consistent with 28 U.S.C. §2243 which provides: "[t]he writ . . .shall be directed to the person having custody of the person detained," and that person is the proper respondent, and the district court in which the prison is located is the proper district for proceedings under §2241." *Al-Marri v. Rumsfeld*, 360 F.3d 707 at 709 (7th Cir. 2004). The Seventh Circuit has recently reiterated this jurisdictional principle, and in keeping with that ruling, this court should dismiss the petition for lack of personal jurisdiction, as the warden of the facility in Kenosha, Wisconsin is not within the jurisdiction of the district court of the Northern District of Illinois, but rather the Eastern District of Wisconsin. Petitioner Lim may properly file the habeas petition in the federal district where she is confined and appropriately challenge her confinement in that district, as that is where the "person who has the *immediate custody* of the person detained, with the power to produce the body of such party before the court or judge." *Kholyavskiy* at 953, citing *Padilla v. Rumsfeld,* 542 U.S. 426, 435, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

## Conclusion

In sum, petitioner Lim's detention by the government is based upon her lack of any lawful status here in the United States, and as an arriving alien, she is not entitled to release at this time. The government does not intend to remove her until the habeas case has been resolved. However, because she has not filed the habeas petition in the proper district which has jurisdiction over the only proper respondent, the warden of the Kenosha County Correctional Facility, the court must dismiss the request for injunctive relief and the underlying habeas as improperly filed in this district. Alternatively, the court may transfer the case to the Eastern District of Wisconsin with the appropriate respondent and custodian where petitioner Lim may pursue any further relief.

For the reasons set forth above, the respondents respectfully request that this court deny the request for injunctive relief and temporary restraining order as petitioner Lim is not entitled to injunctive relief at this time.

Respectfully Submitted,
PATRICK J. FITZGERALD
United States Attorney

By: s/ Sheila McNulty
SHEILA McNULTY
Special Assistant United States Attorney
Chicago, Illinois
(312) 353-8788
sheila.mcnulty@usdoj.gov

U.S. Department of Justice
Immigration and Naturalization Service

# Record of Deportable/Inadmissible Alien

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| LIM, Jum Soon | | | | F | BLK | BRO | |
| Country of Citizenship | Passport Number and Country of Issue | File Number | | Height | Weight | Occupation | |
| KOREA | | Case No: SYS0609001529 A094 947 587 | | 62 | 115 | | |

U.S. Address
4030 CAROUSEL
NORTHBROOK, ILLINOIS 90062

Scars and Marks

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F.B.I. Number | ☐ Single ☐ Divorced ☒ Married ☐ Widower ☐ Separated |
|---|---|---|---|
| 09/17/2006, 1951, SYS | | | |

Number, Street, City, Province (State) and Country of Permanent Residence

Method of Location/Apprehension
ISP

| Date of Birth | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|
| 10/12/1960   Age: 45 | 09/18/2006 | SND/SYS | SYS | 09/17/2006  1951 |

| City, Province (State) and Country of Birth | AR | Form: (Type and No.) | Lifted | Not Lifted | By |
|---|---|---|---|---|---|
| OTHER - FOR COUNTRIES OTHER THAN US, KOREA | X | | ☐ | ☐ | MATTHEW VILLALOBOS |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | ORAL FALSE CLAIMS TO OTHER THAN U. | |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | | AT ENTRY |

Immigration Record

Criminal Record

Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate)

Number and Nationality of Minor Children

Father's Name, Nationality, and Address, if Known  Nationality: KOREA
LIN, Huen Man

Mother's Present and Maiden Names, Nationality, and Address, if Known
JUM, Ok Jean
Nationality: KOREA

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? Yes ☒ No ☐ | INS Systems Checks | Charge Code Word(s) See Narrative |
|---|---|---|---|

| Name and Address of (Last)/(Current) U.S. Employer | Type of Employment | Salary Hr. | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FIN #: 19620391
CHARGE CODE WORD(S)
I6C1
I7A1

SECTION CODE WORD(S)
212a6Ci
212a7AiI

Narrative Title: Record of Deportable/Excludable Alien
Narrative Created by HUIZAR

On September 17, 2006 at approximately 1735 hours a Jum Soon LIM attempted presented herself for admission into the United States via the vehicle primary lanes at the San Ysidro Port of Entry. LIM was the passenger of a 2003 Mercedes-Benz ML 500 bearing California License plate CA/5BZJ490 driven by a Yong Ho KIM. LIM presented an Illinois Driver License and made an oral claim that she had left her I-551 (Resident Alien Card) at home. Primary Customs and Border Protection officer DRESSIN referred the vehicle and it's occupants to secondary inspection.

In secondary inspection, further inspection revealed LIM had made an oral false claim to being a Lawful Permanent Resident of the United States. LIM admitted she was a citizen

H HUIZAR
CBP OFFICER

Alien has been advised of communication privileges. _____ (Date/Initials)   (Signature and Title of INS Official)

Distribution:

Received: (Subject and Documents) (Report of Interview)
Officer: H HUIZAR
on: September 18, ~~16xxxx~~ 2006 at 1026 (time)
Disposition: Expedited Removal (I-860)
Examining Officer: S. OLIVERI

GOVERNMENT EXHIBIT

1

| Alien's Name | File Number | Date |
|---|---|---|
| LIM, Jum Soon | Case No: SYS0609001529<br>A094 947 587 | 09/18/2006 |

and national of Korea. LIM admitted she did not posses any valid documentation to either, enter, pass through, or reside in the United States.

During an oral interview and sworn statement taken by myself with CYRACOM, translator ID#2425 in the Korean language and witnessed by ICE agent G. MACDONALD, LIM freely and willingly admitted to the following: LIM admitted to being a citizen and national of Korea by birth in Daejeon, South Korea. LIM admitted to not possessing the proper documentation to enter into, or pass through, or remain in the United States. LIM admitted that he was en route to San Diego and then return to Chicago, Illinois on today's date.

LIM stated he had initially arrived in the United States ten (10) years ago from Korea. LIM stated she initially arrived with an H1Visa. LIM stated she did not depart from the United States because she applied to become a Resident Alien of the United States. LIM stated on September 17, 2006 she entered Tijuana, Mexico by mistake and was attempting to return to the United States. LIM stated she is traveling with her boyfriend, Yong Ho KIM. LIM stated she has known KIM for approximately 6 months. LIM stated she initially met KIM six months ago in Chicago, Illinois through her church pastor. LIM stated on September 15, 2006 she traveled from Chicago, Illinois to Los Angeles, California in order to visit KIM. LIM stated herself and KIM traveled to San Diego and accidentally entered Mexico. LIM stated after accidentally entering Mexico herself and KIM returned back to the border in an attempt to enter the United States. LIM claims there was a misunderstanding with the officers, and that she never stated she was a Permanent Resident Alien. LIM stated she only told officers she had left her passport at home. LIM stated KIM knew since her initial meeting six months ago that she did not have any valid documentation to enter the United States. LIM stated she was involved in a hit and run accident in Illinois and was still currently on trial attempting to resolve the citation. LIM stated she wants to return to Korea but has not because she wanted to resolve the citation first prior to departing. LIM stated she applied for a Permanent Resident Card because she was doing it for her two children who are living in the United States. LIM stated she works as a manager of Lai Lai Oriental Express, a restaurant located in Chicago. LIM stated her relative is the owner of this establishment. LIM stated she knew it was against the law to declare herself to being a Resident Alien of the United States when she is not lawfully one. LIM stated she does not have any concern or fear of being returned to her home country.

DISPOSITION: Jum Soon LIM was found to be inadmissible to the United States pursuant to section 212(a)(7)(A)(i)(I), 212(a)(6)(C)(i) of the INA, as amended. LIM was served an I-860 (Notice and Order of Expedited Removal) and taken into DHS custody pending travel arrangements to home country.

| Signature | Title |
|---|---|
| H HUIZAR | CBP OFFICER |

2 of 2 Pages

Form I-831 Continuation Page (Rev. 6/12/92)

U.S. Department of Justice

Immigration and Naturalization Service

# Notice and Order of Expedited Removal

## DETERMINATION OF INADMISSIBILITY

File No: **A094 947 587**

Date: **September 18, 2006**

In the Matter of: **JUM S. LIM**

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Immigration and Naturalization Service has determined that you are inadmissible to the United States under section(s) 212(a) ☒ (6)(C)(i); ☐ (6)(C)(ii); ☒ (7)(A)(i)(I); ☐ (7)(A)(i)(II); ☐ (7)(B)(i)(I); and/or ☐ (7)(B)(i)(II) of the Act, as amended, and therefore are subject to removal, in that:

1) **On or about September 17, 2006, you applied for admission into the United States.**
2) **You verbally declared yourself to be a Lawful Permanent Resident of the United States.**
3) **You are a citizen and national of Korea.**
4) **You have no legal right to either enter, pass through, or remain in the United States.**
5) **You willfully misrepresented your true identity and are not in possession of a valid entry document as is required by the Act.**

**H HUIZAR**
**CBP OFFICER**
Name and title of immigration officer (Print)

Signature of immigration officer

## ORDER OF REMOVAL
### UNDER SECTION 235(b)(1) OF THE ACT

Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

~~S. OLIVERI~~ *A. MURGA*
**SUPERVISORY CBP OFFICER**
Name and title of immigration officer (Print)

Signature of immigration officer

**O. CHAMBERS**
**CBP CHIEF**
Name and title of supervisor (Print)

Signature of supervisor, if available

☐ Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty).

### CERTIFICATE OF SERVICE

I personally served the original of this notice upon the above-named person on 09/18/06
(Date)

Signature of immigration officer

GOVERNMENT EXHIBIT 2

Form I-860 (Rev. 4-1-97)

09/28/2006 10:07 FAX 847 470 5949        STATES ATTORNEY                                    ☒002

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS                          CASE NO. 05CR2690901 W001
                    VS                                   WARRANT TYPE ( ARR )
JUM LIM                                  ARREST WARRANT

The people of the State of Illinois to all peace officers in the State - Greetings:

                                                                    for the offense of
We command you to arrest (Defendant) JUM LIM
                    (Description) FAILURE REPORT ACCIDENT/DEATH
  (Chapter) 625    (Section) 5/11-401(b)
stated in a charge now pending before this court and that you bring him/her instanter before the Circuit Court of Cook
County at (Location) SKOKIE COURTHOUSE                                                    (Room) 207
                    5600 OLD ORCHARD RD
                    SKOKIE, IL 60076
at 9:30 A.M. or if I am absent or unable to act, the nearest or most accessible court in Cook County or, if this warrant
is executed in a county other than Cook, before the nearest or most accessible judge in the county where the arrest is made.

                                                                    Issued in Cook County 09/27/2006
## GEOGRAPHIC LIMITATIONS                                          Bail fixed at $ - NO BAIL --

Unless otherwise indicated below the geographic limitations
are those as specified in 725 ILCS 5/107-9(c).
                                                                    Judge _____ Code 1745
                                                                         TIMOTHY J. CHAMBERS

(Geographic Limitations)                        **ENTERED**
                                                JUDGE TIMOTHY CHAMBERS -1745

                                                SEP 27 2006

Prosecutor _____              DOROTHY BROWN
                                               CLERK OF THE CIRCUIT COURT
Judge _____ Code 1745          OF COOK COUNTY, IL
      TIMOTHY J. CHAMBERS                      DEPUTY CLERK

Witness: Dorothy Brown, Clerk of the Court and seal thereof, 09/27/2006
                                                                    By Deputy Clerk _____
Clerk of the Circuit Court  Dorothy Brown

Name  JUM LIM
Alias
Residence 10365 DEARLOVE RD: #          City GLENVIEW  IL        State      Zip 60025

| Sex | Race | Height | Weight   | D.O.B.     | Age | Complxn | Build | Drivers License |
|-----|------|--------|----------|------------|-----|---------|-------|-----------------|
| F   |      | 5' 2"  | 115 lbs  | 10/12/1960 | 45  |         |       |                 |

IR 000000000  |CB/DCN 016331366  |FBI 307356KC5  |SID 0057290920  |SSN 000000000  |BOND NO 00000000

Complainant's Name                       City                      State    Zip
Address                                  Star No 00000
Arresting Officer
Agency/Unit COOK COUNTY SHERIFF
                                         Audited By: _____S_____
Reviewed By: _____                          Clerk
                  Prosecutor

Prepared by: SIVASUBRAM RAJARAM          Printed: 09/27/2006 12:07:10   System: SKP7.CC00.A270.RAJARS1

                    CLERK OF THE CIRCUIT COURT OF COOK COUNTY          | GOVERNMENT EXHIBIT |
                                                                       | 3 |

Form I-216
U.S. DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE
(Rev. 9-9-56)

# RECORD OF PERSON AND PROPERTY TRANSFERED

Sheet No. _____

Date of transfer: **Wednesday, October 11, 2006**    From: **ODF**    To: **SND**

| File No. | NAME OF PERSON | Nationality | DOB | SEX | Afflicted or dangerous 2 | Status | Money and hand luggage | Checked baggage | baggage check |
|---|---|---|---|---|---|---|---|---|---|
| A94-947-587 | LIM, Jum Soon | Korea | 10/12/60 | F | NO | REMOVAL Extradition | | | |

CCA/INTAKE: PERM-OUT DETAINEE TO SND 10/11/06 NLT 0600 HRS.

Detainee scheduled to be extradited to Cook County, Illinois - Sheriff's/Police Department via San Diego- Sheriff Dept.

ON 10/11/2006 @ 1000 HRS.  POC: DET. LOPEZ/EXTRADITION UNIT 619-531-3762.

ve all MEDICATION, PROPERTY, VALUABLES, AND MONEY (if applicable) accompany subject.

ACTION AUTHORIZED BY:

Andy Padilla 619-710-8336 Fax: 619-710-8390

1. Show whether deport, removal, etc.
2. Show whether criminal, diseased, epileptic, insane, etc., or likely to attempt escape.
3. Show whether alien detained at Service expense immediately prior to transfer.
4. Show whether deportation is to be effected at Service expense or at carrier expense.

Use a separate line for each person transferred.
This form is to be executed in sufficient number of copies to allow each receiving officer to retain one copy for his personal expense voucher and two additional copies or station of final delivery.

Received the above listed persons, property and baggage checks

Signature _____

Title _____

Place and date _____

GOVERNMENT EXHIBIT 4

# ILLINOIS DEPARTMENT OF CORRECTIONS
## INTERNET INMATE STATUS
### AS OF: Monday, April 23, 2007




## R81002 - LIM, JUM

| | |
|---|---|
| Parent Institution: | Lincoln Correctional Center |
| Inmate Status: | IN CUSTODY |
| Location: | LINCOLN |
| Discharge Reason: | |

*ILLINCC*

### VITALS

| | |
|---|---|
| Date of Birth: | 10-12-1960 |
| Weight: | 111 lbs. |
| Hair: | Brown |
| Sex: | Female |
| Height: | 5 ft. 04 in. |
| Race: | Asian |
| Eyes: | Brown |

### MARKS, SCARS, & TATTOOS
PIERCED EARS - 1XEA

### ADMISSION / RELEASE / DISCHARGE INFO

| | |
|---|---|
| Custody Date: | 02/21/2007 |
| Projected Parole Date: | 01/23/2009 |
| Paroled Date: | |
| Tentative Discharge Date: | |
| Discharge From Parole: | 01/23/2011 |

### SENTENCING INFORMATION

| MITTIMUS: | 05CR2690901 |
|---|---|
| CLASS: | 2 |
| COUNT: | 1 |
| OFFENSE: | FAILURE REPORT ACCIDENT/DEATH |
| CUSTODY DATE: | 10/23/2006 |
| SENTENCE: | 5 YEARS 0 MONTHS 0 DAYS |
| COUNTY: | COOK |
| SENTENCE DISCHARGED?: | NO |

All complaints regarding the accuracy of information contained in these documents should be submitted, in writing, to the Illinois Department of Corrections, P.O. Box 19277, Springfield, IL 62794-9722.

GOVERNMENT
EXHIBIT
5

CARDELS 800-783-0399

http://www.idoc.state.il.us/subsections/search/inms_print.asp?idoc=R81002     4/23/2007

## U.S. Department of Justice
### Immigration and Naturalization Service

**Warning for Failure to Depart**

| Name: LIM, JUM SOON | District Office: Chicago Field Office | File # A96 947 587 |

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who—
(A) willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,
(B) willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,
(C) connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or
(D) willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,
shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action the Immigration and Naturalization Service may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

* Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to prevent the alien's removal subject to an order of removal.

| Date Order Final: | Ordered Removed under Section: Section 212 (a) (6) (C) (i) & 212 (a) (7) (A) (i) (I) of the INA Act. |

**Record of Personal Service**

Served By: (Print Name and Title of Officer) SGT M. Johnson    Date: 8-15-08
Officer's Signature:
Served On: (Alien's Signature) Jum Lim    Location of Service: Kenosha County Jail    Date: 8-15-08

Record of Personal Service (cont.)

Fingerprint of Alien (Specify finger used)

Attach certified mail receipts here.

Form I-229(a)
(Revised 12/04/02)

GOVERNMENT EXHIBIT 6

# INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*Mandatory requirements will be checked off by the INS officer depending on the facts of each case. Failure to comply or provide sufficient evidence of your inability to comply, may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

- √ Submit passports (current and expired) to the INS. If you have a copy of your passport, you are to submit it.
- √ Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.
- √ Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.
- √ Submit to the INS birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.
- √ Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.
- √ Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.
- √ You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.
- √ Provide INS with written copies of requests to embassies or consulates requesting issuance of a travel document.
- √ Provide INS with written copies of responses from embassies or consulates regarding your requests.
- √ Solicit permission from another country, which may be able to accept you, to enter that country to effect your removal from the United States.
- ☐ Other: _____

Alien's Signature _____  A Number A94 947 587

Served by _SGT M. Johnson_ on _8-15-08_ at _1259 HRS_
Officer's Name          Date           Location